**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**PATRICK WAYNE COLSTON,**

**Plaintiff,**

v.                                     **CASE NO. 19-3224-SAC**

**DAVID GROVES, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Patrick Wayne Colston, a prisoner[1] currently being held at the Cherokee County

Jail in Columbus, Kansas, brings this *pro se* civil rights action under 42 U.S.C § 1983.  He proceeds

*in forma pauperis*.  For the reasons discussed below, Plaintiff is ordered to show cause why his

complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

Mr. Colston's complaint (ECF No. 1) alleges he has received inadequate healthcare at the

Cherokee County Jail.  He states he has a chronic lower back condition that causes him pain.

Plaintiff claims he has received no treatment, no rehabilitation, and inadequate pain relief.  He

further complains the jail does not have medical staff on hand 24 hours a day, and the prisoners

rarely see a nurse.

---

[1] It appears from online state court records that Plaintiff is a pretrial detainee awaiting trial on a charge of violating the Kansas Offender Registration Act.

Plaintiff names as defendants David Groves, Sheriff of Cherokee County, and Advanced Correctional Healthcare.  Mr. Colston seeks the following relief: a current medical evaluation, pain relief, access to chronic care, actual and punitive damages, and future medical coverage and rehabilitation.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2).

Plaintiff alleges the violation of the "right to be treated for any and all medical needs" while detained. *See* ECF No. 1, at 3. However, this is not a constitutional right. The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments.[2] The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."

---

[2] The protections provided by the Eighth Amendment do not directly apply to pretrial detainees, such as Mr. Colston. *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979). However, under the Fourteenth Amendment, pretrial detainees are "entitled to the degree of protection against denial of medical attention which applies to convicted inmates under the Eighth Amendment." *Shue v. Laramie Cty. Det. Ctr.*, 594 F. App'x 941, 944–45 (10th Cir. 2014) (quoting *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009)).

*Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

Plaintiff alleges he has a "long term existing lower back illness" and has been "denied proper relief for over 5 months." ECF No. 1, at 2. Mr. Colston attached to his complaint a copy of an email request or grievance (*see* ECF No. 1-1). In response to his request to be seen by a medical provider and to get some form of relief, a Nurse Wagner responded that Plaintiff is on Tylenol once daily for pain but that he doesn't always get up in the morning to take his medication. *Id.* Nurse Wagner further notes that Plaintiff walks laps, has no issues standing to wait for his meal trays, and was given a second mat once he provided MRI results showing disc disease. *Id.* The response concludes with Wagner stating, "This is a chronic issue, no signs of acute on chronic at this time. Will continue to monitor." *Id.* The response is dated eight days after Plaintiff's request. *Id.*

While not clear from the complaint, Plaintiff may be alleging there was a delay in providing him with pain medication. A delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm"

as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Plaintiff's allegations do not demonstrate that he suffered substantial harm resulting from any delay in treatment.

It further appears Plaintiff would like different or additional medication to be prescribed. "[A] difference of opinion with the medical staff as to the optimal pain-management regimen does not amount to deliberate indifference." *Todd v. Bigelow*, 497 F. App'x 839, 842 (10th Cir. 2012) (citing *see Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir. 2002) ("[A] medical difference of opinion ... is not actionable under the Eighth Amendment.")). Where a prisoner is experiencing pain but has not been denied all pain medication, the choice of pain medication by the medical staff "simply does not demonstrate subjective deliberate indifference." *Vreeland v. Fisher*, 682 F. App'x 642, 649 (10th Cir. 2017) (citing *see Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006)). *See also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (holding that prisoner who was given pain medication for his headaches, albeit not the medication he desired, did not state an Eighth Amendment violation); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, ... [is] insufficient to establish a constitutional violation."); *Jacobs v. McVea*, No. 14-552, 2014 WL 2894286, at *7 (E.D. La. June 25, 2014) ("While it is evident that plaintiff was unhappy with the over-the-counter pain medication, a prisoner has no right to be prescribed a particular medication for pain, and the fact that he disagrees with the prison medical staff concerning which pain medication is appropriate is not actionable under § 1983."); *Parlin v. Sodhi*, No. 10-6120 VBF (MRW), 2012 WL 5411710, at *5 (C.D. Cal. Aug. 8, 2012) (finding plaintiff's preference for stronger medication "represents precisely the type of difference in medical opinion between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation").

Plaintiff's more general complaints about the provision of healthcare at the Cherokee County Jail (i.e., no medical staff on hand 24 hours a day and prisoners rarely see a nurse) are too conclusory to state a constitutional claim.  Moreover, there is no constitutional requirement that a county jail have medical personnel on hand 24 hours a day.  The Constitution requires the State "to provide medical care for those whom it is punishing by incarceration."  *Estelle*, 429 U.S. at 103.  That care must be at a level "reasonably designed to meet the routine and emergency health care needs of inmates."  *Ramos*, 639 F.2d at 574–75.  Plaintiff's allegations do not show the Cherokee County Jail failed to meet that standard.

Even is Plaintiff had stated a claim for violation of his Eighth Amendment rights, the defendants he names are subject to dismissal.  Plaintiff names Sheriff David Groves as a defendant but fails to allege how Groves personally participated in the alleged deprivation of his constitutional rights, appearing to rely solely on the supervisory status of Groves.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff's claims against Sheriff Groves are subject to dismissal.

Plaintiff also names Advanced Correctional Healthcare ("ACH") as a defendant. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). Plaintiff has failed to mention ACH in the body of his complaint and has failed to allege the requisite causative custom or policy. This action is subject to dismissal as against Defendant ACH. Plaintiff is directed to show good cause why his claims against Defendant ACH should not be dismissed.

## IV. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is therefore required to show good

cause why his complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 7, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 4) to pay the initial partial filing fee is denied as moot as the initial partial filing fee has been paid.

**IT IS SO ORDERED.**

**DATED:  This 8th day of July, 2020, at Topeka, Kansas.**


s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**